**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| RICHARD LAWRENCE, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF** |
| | ) **THE FEDERAL SECURITIES LAWS** |
| CYMABAY THERAPEUTICS, INC., | ) |
| ROBERT J. WILLS, JANET DORLING, | ) **JURY TRIAL DEMANDED** |
| ÉRIC LEFEBVRE, CAROLINE LOEWY, | ) |
| SUJAL SHAH, KURT VON EMSTER, and | ) |
| THOMAS G. WIGGANS, | ) |
| Defendants. | ) |

Plaintiff Richard Lawrence ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against CymaBay Therapeutics, Inc. ("CymaBay" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the proposed acquisition of the Company by Gilead Sciences, Inc. ("Gilead").[1]

2. On February 11, 2024, CymaBay entered into an Agreement and Plan of Merger (the "Merger Agreement") with Gilead and its wholly owned subsidiary Pacific Merger Sub, Inc.

---

[1] The proposed acquisition of the Company will be referred to herein as the "Proposed Transaction."

("Purchaser"). The Merger Agreement provides that Gilead will acquire CymaBay in exchange for $32.50 in cash per share of CymaBay common stock, via a tender offer (the "Tender Offer").[2]

3. The Company's corporate directors subsequently authorized the February 23, 2024, filing of a materially incomplete and misleading 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the SEC. The Solicitation Statement, which recommends that Company stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Solicitation Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the forthcoming Tender Offer deadline, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant

---

[2] Purchaser commenced the Tender Offer on February 23, 2024.

[3] The Tender Offer is currently scheduled to expire at one minute following 11:59 p.m., Eastern time, on March 21, 2024.

to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of shares of CymaBay common stock.

10. Defendant CymaBay is a Delaware corporation with its principal executive offices located at 7575 Gateway Blvd., Suite 110, Newark, California 94560. CymaBay's shares trade on the Nasdaq Global Select Market under the ticker symbol "CBAY." CymaBay is a clinical-stage biopharmaceutical company focused on developing and providing therapies to treat liver and other chronic diseases. CymaBay's lead product candidate is seladelpar (MBX-8025), a selective agonist of peroxisome proliferator activated receptor delta for the treatment of the autoimmune liver disease, primary biliary cholangitis ("PBC"). The Company's pipeline also includes MBX-2982 for the disease/condition of hypoglycemia in type 1 diabetics. CymaBay has a license agreement with ABW Cyclops SPV LP to support development of seladelpar for the treatment of PBC and holds a worldwide license from Janssen Pharmaceuticals, Inc. to research, develop, and commercialize compounds with activity against an undisclosed metabolic disease target.

11. Defendant Robert J. Wills is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Janet Dorling is and has been a director of the Company at all times relevant hereto.

13. Defendant Éric Lefebvre is and has been a director of the Company at all times relevant hereto.

14. Defendant Caroline Loewy is and has been a director of the Company at all times relevant hereto.

15. Defendant Sujal Shah has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

16. Defendant Kurt von Emster is and has been a director of the Company at all times relevant hereto.

17. Defendant Thomas G. Wiggans is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On February 12, 2024, Gilead and CymaBay jointly announced in relevant part:

FOSTER CITY, Calif. & NEWARK, Calif.--(BUSINESS WIRE)--Gilead Sciences, Inc. (Nasdaq: GILD) and CymaBay Therapeutics, Inc. (Nasdaq: CBAY) announced today a definitive agreement under which Gilead will acquire CymaBay for $32.50 per share in cash or a total equity value of $4.3 billion. The addition of CymaBay's investigational lead product candidate, seladelpar for the treatment of primary biliary cholangitis (PBC) including pruritus, complements Gilead's existing liver portfolio and aligns with its long-standing commitment to bringing transformational medicines to patients.

4

"We are looking forward to advancing seladelpar by leveraging Gilead's long-standing expertise in treating and curing liver diseases," said Daniel O'Day, Chairman and Chief Executive Officer, Gilead Sciences. "Building on the strong research and development work by the CymaBay team to date, we have the potential to address a significant unmet need for people living with PBC and expand on our existing broad range of transformational therapies."

PBC is a rare, chronic, cholestatic liver disease mainly affecting women (1 in 1,000 women over the age of 40 or about 130,000 total people in the U.S.) that impairs liver function and quality of life. The most common early symptoms of PBC are pruritus (itching) and fatigue, which can be debilitating for some patients. Progression of PBC is associated with an increased risk of liver-related mortality.

Seladelpar is an investigational, oral, selective peroxisome proliferator-activated receptor delta (PPARδ) agonist, shown to regulate critical metabolic and liver disease pathways. The United States Food and Drug Administration (FDA) has completed its filing review and accepted a New Drug Application for seladelpar and granted priority review with a Prescription Drug User Fee Act target action date of August 14, 2024.

Seladelpar received FDA Breakthrough Therapy Designation for use in the treatment of PBC including pruritus in patients without cirrhosis or with compensated cirrhosis and PRIME status (EMA), as well as Orphan Drug Designation in the U.S. and Europe for the treatment of patients with PBC.

In the pivotal Phase 3 RESPONSE trial, seladelpar achieved statistical significance over placebo across primary composite endpoints of biochemical response (61.7% for patients on seladelpar vs 20.0% for placebo), normalization of alkaline phosphatase at 12 months (25.0% for patients on seladelpar vs 0.0% for placebo) and statistically significant improvement in pruritus at six months among people living with moderate-to-severe itch that was sustained through 12 months.

"Today's agreement with Gilead is the culmination of years of focus and determination at CymaBay to advance seladelpar and bring new hope to people living with PBC and their families," said Sujal Shah, President, and CEO at CymaBay Therapeutics. "Now that seladelpar has achieved priority review with the FDA, we are excited that Gilead, with its long-standing commitment to patients with liver disease, can apply its regulatory and commercial expertise to bring seladelpar as quickly as possible to people with PBC."

**Terms of the Transaction**

The transaction was approved by both the Gilead and CymaBay Boards of Directors and is anticipated to close during the first quarter of 2024, subject to regulatory approvals and other customary closing conditions.

Under the terms of the merger agreement entered into in connection with the transaction, a wholly-owned subsidiary of Gilead will promptly commence a tender offer to acquire all of the outstanding shares of CymaBay's common stock at a price of $32.50 per share in cash, which offer price represents a 27 percent premium to CymaBay's closing share price on February 9, 2024. Following successful completion of the tender offer, Gilead will acquire all remaining shares not tendered in the offer through a second step merger at the same price as in the tender offer. Upon FDA approval of seladelpar, the proposed transaction is expected to enhance Gilead's revenue growth, and it is also expected that the transaction will be approximately neutral to earnings per share in 2025 and significantly accretive thereafter.

Consummation of the tender offer is subject to a minimum tender of at least a majority of then-outstanding CymaBay shares, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act and other customary conditions.

BofA Securities, Inc. and Guggenheim Securities, LLC are acting as financial advisors to Gilead. Centerview Partners LLC and Lazard are acting as financial advisors to CymaBay.

**The Materially Incomplete and Misleading Solicitation Statement**

20.     The Board caused to be filed the materially incomplete and misleading Solicitation Statement with the SEC on February 23, 2024. The Solicitation Statement, which recommends that CymaBay stockholders tender their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses that support the fairness opinion provided by Company's financial advisors, Centerview Partners LLC ("Centerview") and Lazard Frères & Co. LLC ("Lazard"); and (c) potential conflicts of interest faced by Lazard and Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

21.     The Solicitation Statement fails to disclose material information concerning the financial forecasts for the Company, including the line items underlying the Company's projected EBIT and Unlevered Free Cash Flow for CymaBay's risk adjusted projections.

22. The Solicitation Statement further fails to disclose fails to disclose the Company's non-risk-adjusted projections or the actual adjustments.[4]

*Material Misrepresentations and/or Omissions Concerning Centerview's and Lazard's Financial Analyses*

23. The Solicitation Statement fails to disclose material information concerning the financial analyses performed by Centerview and Lazard.

24. As to the *Discounted Cash Flow Analysis* performed by Centerview, the Solicitation Statement fails to disclose: (a) the Company's terminal values; (b) the impact of an assumed equity raise in 2024; and (c) CymaBay's fully diluted outstanding shares as used in the analysis.

25. As to the *Selected Public Company Analysis* and *Selected Precedent Transaction Analysis*, each performed by Centerview, the Solicitation Statement fails to disclose the respective financial metrics for each company and transaction analyzed by the financial advisor.

26. As to the *Analyst Price Target Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective price targets observed and their corresponding sources.

27. As to the *Precedent Premiums Paid Analysis* performed by Centerview, the Solicitation Statement fails to disclose the respective transactions observed and the corresponding premium for each.

---

[4] *See* Solicitation Statement at 25. The Solicitation Statement similarly fails to disclose the assumptions underlying the Company's projections, including with respect to "the probability of technical success and regulatory approval, epidemiology, achieving sales for seladelpar, timing of completion of clinical studies and commercial launch, sales ramp, market size and prevalence, diagnosis rates, market share, the decisions of third-party partners, the likelihood of receiving milestones and royalties from potential partnership arrangements, the effect of global economic conditions, the availability of third-party reimbursement, competition, pricing, expected cash burn rate, market exclusivity, reimbursement, research and development expenses, selling, general and administrative expenses, effective tax rate and utilization of net operating losses, ability to raise future capital and other relevant factors related to the Company's long-range operating plan. *Id.*

28. As to the *Discounted Cash Flow Analysis* performed by Lazard, the Solicitation Statement fails to disclose the Company's terminal values or its fully diluted outstanding shares.

29. As to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis*, each performed by Lazard, the Solicitation Statement fails to disclose the respective financial metrics for each company and transaction analyzed by the financial advisor.

30. As to the *Premia Paid Analysis* performed by Lazard, the Solicitation Statement fails to disclose the individual transactions observed and their respective, corresponding premiums.

31. As to the *Research Analyst Price Target* analysis performed by Lazard, the Solicitation Statement fails to disclose the individual price targets observed and their respective, corresponding sources.

***Material Misrepresentations and/or Omissions Concerning Lazard's and Company Insiders' Potential Conflicts of Interest***

32. The Solicitation Statement fails to disclose material information concerning potential conflicts of interest faced by Lazard, including the disclose details of the services Lazard has provided to the Company and Gilead, as well as the services Lazard is currently providing to Gilead, and the related compensation received, or anticipated to be received, by Lazard in connection with the respective services provided.

33. The Solicitation Statement also fails to disclose material information concerning Company insiders' potential conflicts of interest, including whether any members of CymaBay's management have secured positions, or are anticipated to secure positions, with the combined company.

34. The Solicitation Statement fails to disclose whether any of Gilead's proposals or indications of interest mentioned manage further mentioned retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the

8

surviving corporation. The Recommendation Statement further fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between CymaBay executives and Gilead.

35. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Financial Analyses and Opinion," "Background of the Offer and the Merger" and "Arrangements with Current Executive Officers and Directors of the Company" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act.

36. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of CymaBay will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

37. Plaintiff repeats all previous allegations as if set forth in full.

38. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting CymaBay stockholders to tender their shares in the Tender Offer.

39. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

40. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

41. SEC Rule 14d-9 sets forth, in relevant part:

Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

42. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

43. The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Solicitation Statement false and/or misleading.

44. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and the other stockholders of CymaBay, who will be deprived of their right to make an informed decision whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

46. Plaintiff repeats all previous allegations as if set forth in full.

47. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

48. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement to CymaBay stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Solicitation Statement misrepresented and/or omitted material facts concerning the financial forecasts for the Company, Centerview's and Lazar's respective financial analyses, and potential conflicts of interest faced by Lazard and Company insiders.

49. Defendants knew that Plaintiff would rely upon their statements in the Solicitation Statement in determining whether to tender his shares pursuant to the Tender Offer.

50. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

51. Plaintiff repeats all previous allegations as if set forth in full.

52. The Individual Defendants acted as controlling persons of CymaBay within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of CymaBay, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

53. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

54. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Solicitation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Solicitation Statement.

55. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Solicitation Statement purports to describe the various issues and

information that they reviewed and considered—descriptions the Company directors had input into.

56. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

57. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, CymaBay stockholders will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance

for Plaintiff's attorneys' and experts' fees; and

      E.    Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated March 4, 2024                                     **LONG LAW, LLC**

                                                          By:  */s/ Brian D. Long*
                                                                  Brian D. Long (#4347)
                                                                  3828 Kennett Pike, Suite 208
                                                                Wilmington, DE 19807
                                                               Telephone: (302) 729-9100
                                                                Email: BDLong@LongLawDE.com

                                                               *Attorneys for Plaintiff*